**STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS**

**State of West Virginia,
Plaintiff Below, Respondent**

**v.) No. 23-291** (Mingo County CC-30-1994-F-43)

**Jessie Davis,
Defendant Below, Petitioner**

## MEMORANDUM DECISION

Petitioner Jessie Davis appeals the Circuit Court of Mingo County's April 25, 2023, order denying his Rule 35(b) motion for reconsideration of sentence.[1] The petitioner argues that the circuit court abused its discretion by denying the petitioner's Rule 35(b) motions, given the evidence of the petitioner's rehabilitation efforts and good behavior. Upon our review, finding no substantial question of law and no prejudicial error, we determine that oral argument is unnecessary and that a memorandum decision affirming the circuit court's order is appropriate. *See* W. Va. R. App. P. 21(c).

Following a jury trial held in February 1995, the petitioner was convicted of four counts of first-degree sexual assault[2] and four counts of sexual abuse by a parent, guardian, or custodian.[3] The petitioner was sentenced to fifteen to thirty-five years of imprisonment for three of the four counts of first-degree sexual assault, to run concurrently; five to fifteen years of imprisonment for four counts of sexual assault by a parent, guardian, or custodian, to run concurrently to each other but consecutively to the sentences for the three counts of first-degree sexual assault; and fifteen to thirty-five years for the fourth count of first-degree sexual assault, to run consecutively to all other counts. Combined, the petitioner was sentenced to an aggregate term of thirty-five to eighty-five years of imprisonment. On January 29, 1996, the petitioner appealed his sentence, which was later refused by this Court by order entered on February 20, 1997.

---

[1] The petitioner is represented by counsel David A. Foley. The State of West Virginia is represented by Attorney General John B. McCuskey and Deputy Attorney General Andrea Nease. Because a new Attorney General took office while this appeal was pending, his name has been substituted as counsel.

[2] *See* W. Va. Code § 61-8B-3.

[3] *See* W. Va. Code § 61-8D-5.

1

On May 22, 1997, within 120 days of the entry of this Court's February 20, 1997, order, the petitioner filed a motion to reduce his sentence pursuant to Rule 35(b) of the West Virginia Rules of Criminal Procedure, citing his efforts of rehabilitation as support for relief. However, the circuit court never ruled on this motion.[4] The petitioner filed an amendment to his 1997 Rule 35(b) motion on May 27, 2021, providing further accomplishments and efforts of rehabilitation as support to grant his motions. The circuit court denied this amendment as a second or subsequent Rule 35(b) motion on June 7, 2021, noting that it was not timely filed and incorrectly stating that it had previously denied a timely-filed Rule 35(b) motion. The petitioner appealed, and this Court found that the circuit court had failed to previously rule on the petitioner's 1997 Rule 35(b) motion and that, pursuant to *State v. Head*, 198 W. Va. 298, 480 S.E.2d 507 (1996), the case should be remanded to the circuit court for consideration of both the 1997 motion and the 2021 amendment. *State v. Jessie D.*, No. 21-0542, 2022 WL 4355570, at *2-3 (W. Va. Sept. 20, 2022) (memorandum decision) ("*Jessie III*").

On remand, the circuit court appointed the petitioner new counsel and held two hearings on the petitioner's Rule 35(b) motions. At the first hearing, held on January 30, 2023, the petitioner asked the circuit court to resentence him such that his sentence for the fourth count of first-degree sexual assault would run concurrently with the others, rather than consecutively, which would make the petitioner eligible for release from imprisonment. As justification, the petitioner's counsel argued that: (1) the petitioner was "an exemplary prisoner [who] made every effort to improve himself and to be ready to be a productive member of society," (2) the petitioner was furthering his education and utilizing all rehabilitation programs offered to him by the Department of Corrections, (3) the petitioner was suffering from a chronic skin condition and cellulitis, and (4) if released, the petitioner planned to reside with his family. The petitioner's counsel noted that the petitioner had already served twenty-nine years of his sentence, and that the victim of the crimes died in 2020. The State opposed running the fourth count of first-degree sexual assault concurrently with the others due to concerns that the petitioner's convictions occurred prior to the enactment of the extended supervised release statute. As an alternative, the State noted that it would be agreeable to the court suspending any remaining portion of the sentence and imposing a term of probation in its place. The circuit court directed the probation officer to prepare a new presentence investigation ("PSI") report and directed the petitioner's counsel to gather any relevant orders and transcripts from the petitioner's criminal trial for the court's review prior to the second hearing.

The parties reconvened for the second hearing on March 8, 2023. At this hearing, the circuit court advised that it had reviewed the evidence presented in support of the petitioner's motion, along with the updated PSI report, and the parties reiterated their arguments pertaining to appropriate relief. Ultimately, the circuit court made an oral ruling denying the petitioner's motion

---

[4] From 1999 through 2019, the petitioner filed a total of six petitions for a writ of habeas corpus raising various claims including sentencing, ineffective assistance of habeas counsel, and newly discovered evidence, among others. Each time, the petitioner was denied habeas relief, with the exception of his sentence being corrected on one occasion, reducing his cumulative sentence to thirty-five to seventy years of imprisonment. *See Davis v. Ballard*, No. 11-1062, 2012 WL 6097616 (W. Va. Dec. 7, 2012) (memorandum decision) ("*Jessie I*"); *Jessie D. v. Ames*, No. 17-0582, 2019 WL 1977033 (W. Va. May 3, 2019) (memorandum decision) ("*Jessie II*").

for resentencing. The circuit court acknowledged the evidence of the petitioner's steps towards rehabilitation but concluded that the underlying record nevertheless supported denying the motion:

> when this motion was [first] argued to me . . . I found myself perhaps slightly more inclined towards the defendant's position. . . . When I read the sentencing transcript from the sentencing hearing, it's very compelling in favor of the [S]tate's position on this motion and the victim's impact statement that was attached . . . . Frankly, as I look at the [sentencing transcript], the sentencing judge was not very compassionate in his handing down of a sentence. . . . [T]he sentencing judge said very clearly that [the petitioner] will not be eligible for parole consideration until he has served . . . 35 years, which would make him 70 years of age. . . . And after reading all of this, I'm not convinced that a reconsideration is appropriate. I believe the sentence that was imposed was fair and appropriate today. I see nothing has truly changed in that regard to affect what should be the sentence in this case.

A written order denying the petitioner's motions was filed on April 25, 2023. It is from this order that the petitioner now appeals.

Our review is guided by the following standard:

> In reviewing the findings of fact and conclusions of law of a circuit court concerning an order on a motion made under Rule 35 of the West Virginia Rules of Criminal Procedure, we apply a three-pronged standard of review. We review the decision on the Rule 35 motion under an abuse of discretion standard; the underlying facts are reviewed under a clearly erroneous standard; and questions of law and interpretations of statutes and rules are subject to a *de novo* review.

*Head*, 198 W.Va. at 301, 480 S.E.2d at 510, Syl. Pt. 1.

On appeal, the petitioner argues that the circuit court erred in denying his Rule 35(b) motion for reduction of sentence based solely on the trial court's statements contained within the sentencing transcript, particularly in light of the amount of favorable evidence presented in support of reducing his sentence[5] and the State's willingness to agree to supervised release.

---

[5] The petitioner's original 1997 motion stated that since his conviction, he, among other things, (1) completed a sex offender therapy course, (2) obtained his G.E.D., (3) completed a "refresher writing" course, (4) had no disciplinary "write-ups" or rule infractions while imprisoned, (5) cited to a "notable amount of community support and assistance available" to him, and (6) stated that he was willing to continue therapy should a sentence reduction result in any form of early release. In his 2021 amendment, he further stated that since the filing of the original Rule 35(b) motion, he also completed a substance abuse program, seven rehabilitation programs, four educational programs, three vocational training courses and various employment trainings, maintained employment without "write-ups" or rule infractions, and complied with the West Virginia Division of Corrections Individual Re-Entry Program Plan ("IRPP"). The PSI report stated that the victim had died in 2020, and the victim's family did not provide a statement in opposition of the petitioner's motions.

3

We find no abuse of discretion in the circuit court's denial of the petitioner's request for reduction of sentence. This Court has indicated that a motion under Rule 35(b) of the West Virginia Rules of Criminal Procedure "is essentially a plea for leniency from a presumptively valid conviction." *Id*. at 306, 480 S.E.2d at 515. As such, a Rule 35(b) motion "is directed to the sound discretion of the circuit court." *Id.* at 301, 480 S.E.2d at 510. While the petitioner contends that the circuit court abused its discretion in solely relying on the trial court's statements at sentencing as justification for refusing the petitioner's Rule 35(b) motions, a review of the record reveals that the circuit court did, in fact, also consider the petitioner's arguments and evidence presented in support of his motion and amendment.[6] The circuit court's ruling demonstrated, however, that it did not find the petitioner's motion and supporting evidence compelling given the trial court's reasoning at sentencing and the victim's previous impact statement, finding that the sentence imposed was "fair and appropriate" and that "nothing has truly changed" warranting a reduction of the petitioner's sentence. Although the petitioner argues that the State was agreeable to supervised release, the State opposed the petitioner's release from imprisonment and only suggested supervised release if the circuit court were inclined to grant some form of relief. Upon our review, it is clear that the circuit court considered all the evidence before it, including evidence of the petitioner's purported rehabilitation and achievements, and nevertheless concluded that the petitioner's sentence was fair, appropriate, and undeserving of relief under Rule 35(b). We conclude that the circuit court did not abuse its discretion in reaching this decision.[7]

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** January 13, 2026

---

[6] In fact, the petitioner admits that the circuit court "recognized many of the strong arguments" the petitioner raised.

[7] The petitioner relies upon this Court's holding in *State v. Arbaugh*, 215 W. Va. 132, 595 S.E.2d 289 (2004), to support his argument that his Rule 35(b) motion should have been granted. However, our holding in *Arbaugh* is easily distinguishable as the petitioner in that case was a juvenile offender with an extensive history of having been abused. We held that the circuit court abused its discretion in denying the then-fifteen-year old's Rule 35(b) motion wherein he requested to attend a renowned sexual offender treatment program. The petitioner admits that *Arbaugh* is factually distinguishable from this case and offers little support to suggest that he is entitled to the result we reached in *Arbaugh*. Further, we subsequently noted that

> [t]his Court's decision in *Arbaugh* did not create any new standards, guidelines, or requirements to be followed by the circuit courts of this State as contended by the appellant in his brief before this Court. *Arbaugh* was a per curiam decision decided by this Court upon application of existing precedent and was confined to the very specific facts of that case.

*State v. Georgius*, 225 W. Va. 716, 721, 696 S.E.2d 18, 23 (2010). Accordingly, under the circumstances of this case, we find that any reliance upon *Arbaugh* is misplaced.

4

**CONCURRED IN BY:**

Chief Justice C. Haley Bunn
Justice William R. Wooton
Justice Charles S. Trump IV
Justice Thomas H. Ewing
Justice Gerald M. Titus III